# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| JOHN A. ZERANGUE | CIVIL ACTION NO. 11-0191 |
| VERSUS | JUDGE DOHERTY |
| MAINTENANCE DREDGING, ET AL | MAGISTRATE JUDGE HILL |

## REASONS FOR RULING

Pending before the undersigned is the Motion to Dismiss, or, in the Alternative, Motion to Stay, filed by defendants, Maintenance Dredging, Inc., Maintenance Dredging I, L.L.C., and Gary Lanclos ("Lanclos"), on March 3, 2011 [rec. doc. 6]. Plaintiff, John A. Zerangue ("Zerangue"), filed opposition on March 24, 2011. [rec. doc. 10]. Defendants filed a reply on April 4, 2011. [rec. doc. 13]. Oral argument was held in open court on April 27, 2011, after which I took the motion under advisement.

For the reasons set out herein, the Motion to Stay will be granted and case administratively closed.

## Background

On March 9, 2009, Zerangue filed suit in the 29th Judicial District for the Parish of St. Charles, State of Louisiana, against Maintenance Dredging, Inc. and Maintenance Dredging I, L.L.C. ("Maintenance Dredging") for injuries allegedly sustained on February 9, 2009, when he tripped over a cable/wire on a maintenance barge adjacent to the dredge WHITEHALL while working in the Mississippi River. He filed his claims under the Jones

Act and General Maritime Law. He also alleged Maintenance Dredging's liability under the doctrine of *respondeat superior* for the negligence of its employees.

After Maintenance Dredging filed its answer, the parties exchanged written discovery. On or about May 30, 2009, Zerangue died. Plaintiff filed a motion to substitute proper party on May 24, 2010, which substituted his estate as the proper party plaintiff. On November 16, 2010, plaintiff filed a motion to compel discovery, which has not yet been decided by the state court.

On February 1, 2011, Zerangue filed a Complaint for Damages against Maintenance Dredging, Inc., Maintenance Dredging I, L.L.C. and their insurer, and adding the boat captain, Lanclos, as a defendant. On March 3, 2011, defendants filed the instant motion to dismiss the complaint or, alternatively, motion to stay these proceedings.

## **Law and Analysis**

Defendants assert that this case should be dismissed or stayed pursuant to the doctrine of abstention as set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976), because Zerangue's nearly identical suit has been pending in state court for the past two years.

The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a district court to adjudicate a controversy properly before it. *Colorado River*, 424 U.S. at 813, 96 S.Ct. at 1244. Abdication of the obligation to decide cases can be

justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest. *Id*.

*Colorado River* abstention is applied to avoid duplicative litigation when parallel proceedings are pending in federal and state court. *LAC Real Estate Holdings, L.L.C. v. Biloxi Marsh Lands Corp.*, 320 Fed.Appx. 267, 270 (5th Cir. 2009) (*citing Diamond Offshore Co. v. A & B Builders*, 302 F.3d 531, 538-40 (5th Cir.2002)). "Suits are parallel, for the purposes of determining whether *Colorado River* abstention applies, if they involve the same parties and the same issues." *Id*. Here, the parties in the state court action are nearly identical to the federal suit, with the exception of the boat captain. In the state court suit, plaintiff asserted a claim under the doctrine of *respondeat superior* for the alleged negligence of the employees of the Maintenance Dredging companies, which is duplicative of his claim under *respondeat superior* against Lanclos.[1] The issues are identical in both suits. At oral argument, counsel for the plaintiff acknowledged that the two cases were, in fact, parallel. Thus, the undersigned finds that these suits are parallel.

If the federal and state cases are parallel, the court then engages in a multi-factored analysis to determine whether there are exceptional circumstances warranting a stay of the federal litigation. *Transocean Offshore USA, Inc. v. Catrette*, 239 Fed.Appx. 9, 12 (5th

---

[1] At oral argument, counsel for the defendants informed the Court that Lanclos was in the course and scope of his employment with the Maintenance Dredging defendants at the time of the accident, and that if this case was not stayed that counsel for the Maintenance Dredging defendants would represent Lanclos.

3

Cir. 2007) (*citing Stewart v. W. Heritage Ins. Co.*, 438 F.3d 488, 491 (5th Cir. 2006)). The relevant factors identified by the Supreme Court are: (1) the assumption by either court over a *res*; (2) the relative inconvenience of the forums; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) the extent to which federal law provides the rules of decision on the merits; and (6) the adequacy of the state proceedings to protect the rights of the party invoking federal jurisdiction. *Id.*; *see also Colorado River*, 424 U.S. at 818, 96 S.Ct. at 1236. The court does not apply these factors mechanically, but carefully balances them "as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Brown v. Pacific. Life Ins. Co.*, 462 F.3d 384, 395 (5th Cir. 2006) (*quoting Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 16, 103 S.Ct. 927, 929)).

As to the first factor, neither court has assumed control over any property or vessel. [rec. doc. 6, p. 7]. The absence of this factor is not, however, a "neutral item, of no weight in the scales." *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th Cir. 1999) (*quoting Evanston Ins. Co. v. Jimco, Inc.*, 844 F.2d 1185, 1191 (5th Cir. 1988)). Rather, the absence of this first factor weighs against abstention. *Id*.

Regarding the second factor, the state court suit was filed in Hahnville, Louisiana, which is approximately 123 miles from this Court. Defendants' principal place of business is in St. Rose, Louisiana, in St. Charles Parish, where it employs witnesses to plaintiff's accident. [rec. doc. 6, p. 8]. The question in the end is not whether plaintiff

can demonstrate that the Western District is a "better" or "more convenient" forum. *Evanston*, 844 F.2d at 1192. Rather, it is whether the inconvenience of the federal forum is so great that this factor points toward abstention. *Id*. As Lafayette and Hahnville are some distance apart, and since most of the witnesses are located in St. Rose, which is closer to Hahnville, this factor weighs in favor of abstention.

As to the third factor, defendants assert that identical claims have been filed in both courts, which might lead to inconsistent rulings. While duplicative litigation is permitted, *Colorado River* prevents "piecemeal litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property." *Stewart v. Western Heritage Ins. Co.*, 438 F.3d 488, 492 (5th Cir. 2006) (*quoting Black Sea Inv. v. United Heritage Corp.*, 204 F.3d 647, 650-51 (5th Cir. 2000)). In this case, that danger is evident. Thus, an inconsistent ruling could easily be reached. *Bentley v. LCM Corporation*, 2010 WL 3703725 *4 (W.D. La. June 9, 2010). Consequently, this factor weighs heavily in favor of staying the federal court proceeding.

The fourth factor is not to be "measured exclusively by which complaint was filed first, but, rather, in terms of how much progress has been made in the two actions." *Black Sea*, 204 F.3d at 651 (*quoting Moses H. Cone Mem. Hosp.*, 460 U.S. at 21, 103 S.Ct. at 941). In this case, the parties have conducted discovery in the state court suit; plaintiffs filed a motion to substitute proper party after plaintiff's death, and a hearing on a motion to compel is pending. Other than the instant motion to dismiss, no action has been taken

in this case. The Supreme Court has emphasized that a factor favoring dismissal of a federal suit is "the apparent absence of any proceedings in the District Court, other than the filing of the complaint." *Murphy*, 168 F.3d at 738 (*quoting Colorado River*, 424 U.S. at 820, 96 S.Ct. 1248). Thus, this factor weighs in favor of abstention.

Next, the court must consider whether, and if so to what extent, federal law provides the rules of decision on the merits. The claims in both courts were asserted under the Jones Act and General Maritime Law. "The presence of a federal law issue 'must always be a major consideration weighing against surrender [of jurisdiction],' but the presence of state law issues weighs in favor of surrender only in rare circumstances." *Evanston*, 844 F.2d at 1193 (*quoting Moses H. Cone*, 460 U.S. at 26, 103 S.Ct. at 942). Defendants assert that in light of plaintiff's death and substitution of his estate as a party, this suit might require consideration of Louisiana succession law. That has not been the experience of this court in cases where a decedent is involved; thus, this factor weighs against abstention.

Finally, the court must determine the adequacy of the state proceedings in protecting the rights of the party invoking jurisdiction. This final consideration can only be "a neutral factor or one that weighs against, not for, abstention." *Murphy*, 168 F.3d at 739 (*quoting Evanston*, 844 F.2d at 1193). Defendants admit that this factor is neutral. [rec. doc. 6, p. 11].

In this case, three of the six factors weigh heavily in favor of abstention, while two factors weigh against abstention and one of the factors is neutral.

### Remedy

The United States Supreme Court has recognized that there are circumstances in which it is appropriate for a federal court to "stay its hand" and to defer ruling on or postpone consideration of the merits of a case in order to permit an ongoing state court matter to be concluded. *Growe v. Emison*, 507 U.S. 25, 21, 113 S.Ct. 1075, 1080, 122 L.Ed.2d 388 (1993). It is also well-settled that a federal court has the inherent power to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Intel Corp. v. M/S Victoria U (Ex Pishtaz Iran)*, 710 F.2d 199, 203 (5th Cir. 1983) (*quoting Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 166 (1936)). The Fifth Circuit has specifically recognized this inherent power even when other standards for abstention are not strictly met. *See e.g.*, *PPG Industries, Inc. v. Continental Oil Co.*, 478 F.2d 674, 679-82 (5th Cir. 1973); *Townson v. Crain Bros., Inc.*, 2007 WL 2402634 (E.D. La. Aug. 17, 2007).

The decision as to whether to stay a federal proceeding during the pendency of a parallel state court action rests in the sound discretion and judgment of the trial court. *Doerle's Quarterboats, Inc. v. Bean Weeks Co.,* 1995 WL 747470 (E.D. La. Dec. 15, 1995) (citing *Moses H.Cone Memorial Hosp.*, 460 U.S. 1, 103 S.Ct. 927 (1983) (decision whether to stay federal action left to trial court's discretion to control its docket); *Colorado River* (district court under no compulsion to exercise jurisdiction); *Brillhart v.*

*Excess Insurance Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942) (federal court has discretion not to hear an action when a suit is pending in state court between the same parties which will dispose of the issues in dispute between the federal litigants); *Itel Corp*. 710 F.2d at 202 (action on request for a stay is a matter of district court's judgment); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (general discretionary power of district court to stay proceedings in the interest of justice and in control of its docket).

After balancing all of the *Colorado River* factors and weighing the competing interests, the undersigned finds that the federal court proceeding should be stayed. Additionally, this case will be administratively closed, without prejudice to it being reopened, after resolution of the state court action, if all issues have not been resolved, or otherwise in the interest of justice.[2]

## **Conclusion**

For the foregoing reasons, the Court will issue and Order granting the stay and administratively closing the case, without prejudice to it being reopened if, after resolution of the state court action, all issues have not been resolved, or otherwise in the interest of

---

[2]Counsel for the plaintiff indicated to the Court during oral argument that he intends to ask the state court to dismiss the suit pending there without prejudice so that he can try his case in this court. If that relief is granted, counsel for the plaintiff can move to re-open this case and lift the stay.

justice.

Signed at Lafayette, Louisiana, May 2, 2011.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE